# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
www.flmb.uscourts.gov

In re:   Case No. 6:25-BK-02931
         Chapter 11

GRANT ANTIQUES, INC.,

_____Debtor____/

## MOTION TO USE CASH COLLATERAL AND REQUEST FOR EXPEDITED HEARING

Expedited hearing requested due to need for immediate use of cash collateral

COMES NOW the Debtor, GRANT ANTIQUES, INC., by and through undersigned counsel, and files this motion pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001 to use cash collateral, and states:

1. The Debtor filed a voluntary petition under chapter 11 on May 15, 2025.

2. The Debtor is an antiques retailer and consignment shop.

3. The Debtor operates out of leased premises located at 5900 B South, US Hwy 1, Grant, FL.

4. The Small Business Administration ("SBA"), CFG Merchant Solutions ("CFG"), and a third creditor that used the service of Corporation Service Company have filed UCC-1s claiming a security interest in the Debtor's assets. However, the SBA is in first priority and has a lien on all of the Debtor's assets including all accounts, receivables, future, fixtures, equipment, etc. and has the priority over all other creditors. SBA is owed approximately $140,000.00.

5. The estimated value of the secured assets at the time of the filing of the case was approximately $275,000.00.

6. As a retailer, it is imperative that the Debtor be able to use its current inventory to

continue to operate.

7. Currently, the Debtor's average gross income, including the sale of consignor goods, is approximately $60,000.00 per month. Its necessary expenses are approximately $51,235. See attached budget.

8. Also included within the budget is the amount of $3,000 per month to pay towards the Debtor's attorney's fees and the Sub V Trustee fees. It is requested that this amount be placed in Brian K. McMahon, P.A. Trust Account and held until further order of this Court.

9. The Debtor is proposing to pay SBA its regular monthly payment of $731.00, which is the amount that was paid according to the loan agreement.

10. The Debtor is proposing to pay CFG $667.00 per month. This amount is based on the outstanding amount owed, $40,000.00, spread out over 60 months.

11. The Debtor requests the use of cash collateral to continue to maintain the business.

12. The Debtor will adhere to the budget.

WHEREFORE the Debtor respectfully requests that the Court permit the use of cash collateral for the purpose of paying necessary expenses and to set aside funds for the payment of the attorney for the Debtor fees.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished electronically and via U.S. Mail to all parties on the mailing matrix this 16th day of May, 2025.

    BRIAN K. MCMAHON, P.A.
    1401 Forum Way, Suite 730
    West Palm Beach, FL 33401
    Tel (561)478-2500
    Fax (561)478-3111
    Email: briankmcmahon@gmail.com

By: */s/ Brian K. McMahon*

Brian K. McMahon
FBN: 0853704

Case 6:25-bk-02931-GER    Doc 9    Filed 05/19/25    Page 3 of 9

MONTHLY EXPENSES 2025

| EXPENSE NAME | AMOUNT |
|---|---:|
| PAYROLL | $ 3,311.54 |
| LEASE AND LATE FEES | $ 12,154.00 |
| LIGHT | $ 768.99 |
| INSURANCE | $ 70.00 |
| contactors 1099 | $ 8,000.00 |
| CLEANING | $ 400.00 |
| LAWN | $ 100.00 |
| INTERNET AND PHONE | $ 148.65 |
| FUEL/GASOLINE | $ 425.00 |
| SUPPLIES | $ 140.00 |
| PAYMENT TO CONSIGNERS | $ 19,000.00 |
| CREDIT CARD FEES | $ 1,100.00 |
| PETTY CASH FOR DAILY PURCHASES | $ 2,000.00 |
| ATTORNEY FEES | $ 2,000.00 |
| SUB V TRUSTEE FEES | $ 1,500.00 |
| TRASH AND DUMPSTER | $ 116.67 |
|  | $ 51,234.85 |

APROXIMATE MONTHLY INCOME
TOTAL SALES                                          $ 60,000.00
(SALES TOTAL AMOUNT INCLUDES CONSIGNERS COMISSIONS INCOME)

NET INCOME                                           $ 8,765.15

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:                                                                 Case No. 6:25-BK-02931
                                                                              Chapter 11
GRANT ANTIQUES, INC.,

                     Debtor      /

**INTERIM ORDER GRANTING DEBTOR'S MOTION (1) TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, AND (2) SETTING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

**THIS MATTER** was before this Court on _____, 2025 at _____ p.m. for consideration of the motion (the "Motion") of GRANT ANTIQUES, INC., as debtor and debtor-in-possession in the above-captioned case (the "Debtor"), to use cash collateral (CP # ); the Court finding that it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and upon the record herein after due deliberation

thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

Accordingly, it is

ORDERED:

1.  The Motion to Use Cash Collateral is **GRANTED** on an interim basis as set forth below.

2.  The Debtor is authorized to use Cash Collateral, as defined in 11 U.S.C. §363(a) and in the Motion and on the conditions set forth herein, on a preliminary basis through the date of the hearing set forth below and in accordance with the Budget attached to this Order as Exhibit "A" (the "**Interim Period**").

3.  In connection with the Debtor's proposed use of Cash Collateral hereunder and in order to provide the Small Business Administration ("SBA"), CFG Merchant Solutions ("CFG"), and a third creditor that used the service of Corporation Service Company, (collectively, the "Creditors") with adequate protection for the aggregate diminution of the Cash Collateral resulting from the Debtor's use thereof, the Creditors shall have, effective as of the commencement of these Chapter 11 cases, a replacement lien pursuant to 11 U.S.C. §361(2) on and in all property of the Debtor acquired or generated after the Petition Date from the 15900 B South, US Hwy 1, Grant, FL location, but solely to the same extent and priority, and of the same kind and nature, as the property of the Debtor securing the prepetition obligations of the Creditors under the Pre-Petition Loan Documents (the "**Replacement Lien**").

4.  The Creditors shall not have or be granted a Replacement Lien on or against any claims or causes of action arising under Sections 542 through 550 of the

Bankruptcy Code (the "**Avoidance Actions**") or on or against the proceeds of the Avoidance Actions.

5. In the event that diminution occurs in the value of Cash Collateral from and after the Petition Date as a result of the Debtor's use thereof in an amount in excess of the value of the Replacement Liens granted herein, then the Creditors shall be granted an administrative claim under section 507(b) of the Bankruptcy Code, with priority over all other administrative expense claims, subject to the Carve Out, as defined *infra*. Notwithstanding anything herein to the contrary, the Creditors' super-priority administrative expense claim shall not attach to or be paid from the proceeds of the Avoidance Actions.

6. The Replacement Lien granted to the Creditors hereunder in connection with the use of the Cash Collateral shall be valid and perfected without the need for the execution or filing of any further documents or instruments.

7. The Replacement Lien shall be subject and subordinate to any and all fees payable to the Subchapter V Trustee, the United States Trustee and/or the Clerk of the Bankruptcy Court (the "Carve Out").

8. Commencing June 1, 2025 and continuing on the 1st day of each month thereafter, until otherwise ordered by this Court, the Debtor shall make adequate protection payments to SBA in the amount of $731.00 per month and to CFG the amount of $667.00 per month.

9. The Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

10. Entry of this Order is without prejudice to: (a) any subsequent objection to, or request by any party in interest to modify or impose additional restrictions upon, Debtor's use of cash collateral; (b) and/or any subsequent objection to any line items in the Debtor's budget; or (c) any other right or remedy which may be available to SBA or any other secured creditor.

11. The Debtor shall escrow into Debtor's counsel's trust account $1,000 per month for fees incurred by the Subchapter V Trustee effective June 1, 2025 and every month thereafter through the month of confirmation.

12. The Court shall retain jurisdiction to enforce the terms of this Order.

13. A further hearing, which may be a final hearing, on the relief sought hereunder shall be held on _____ at _____ , in Courtroom D (6th Floor), George C. Young Federal Courthouse, 400 W. Washington Street, Suite 5100, Orlando, FL 32801.

14. The Debtor shall serve copies of this Order upon all creditors, the U.S. Trustee, and the Subchapter V Trustee either electronically or via U.S. mail immediately upon receipt hereof, and file a certificate of service certifying completion of such service, which shall constitute good and sufficient notice of the hearing.

###

Submitted by:
Brian K. McMahon, P.A.
1401 Forum Way, Suite 730
West Palm Beach, FL 33401
Tel (561)478-2500
Fax (561)478-3111
briankmcmahon@gmail.com

Attorney McMahon is directed to serve a copy of this order to all interested parties.